# EXHIBIT F

January 2000

# LJAB GUIDELINES



Sheet Metal Workers'
International Association



Sheet Metal and Air Conditioning
Contractors National Association

**EXHIBIT F**

## LOCAL JOINT ADJUSTMENT BOARD PROCEEDINGS

I.  **SUMMARY OF PROCEDURAL RULES**

A.  **What goes to an LJAB?**

Grievances of either the employer or the union, arising out of interpretation or enforcement of the agreement.

B.  **Time limits**

1.  First step:  To be valid, grievances must be raised within 30 calendar days following the occurrence giving rise to the grievance, or first knowledge of facts giving rise to the grievance.

2.  Second Step:    Must be submitted to the LJAB within 30 days of the termination of Step 1 proceedings.

3.  The LJAB is then directed to meet within 14 days, unless the time is extended by mutual agreement.

C.  **Out of area contractors**

1.  The rules provide that if a grievance cannot be resolved in Step 1, a union may request an LJAB either where the work was performed or the jurisdiction of the employer's home local.

D.  **Requirements to submit dispute**

1.  Any dispute submitted to the LJAB shall state:

  • The specific provision violated

  • The facts which give rise to the dispute

  • The position of the grieving party

2.  At the time one party submits the dispute to the LJAB, it shall serve a copy on the other party to the dispute.

E.  **Procedures during hearing**

1.  The grieving party must detail the violation and the surrounding circumstances.

1

2. The grieving party must submit evidence, which may include witnesses or affidavits.

3. The grieved party must be allowed to present defenses, introduce witnesses or affidavits, and may cross examine witnesses.

4. The grieving party my rebut.

**F. Remedies available**

1. The LJAB may render such decisions and grant such relief to either party as it deems necessary and proper, including awards of damages or other compensation.

2. Except in cases of a deadlock, a unanimous decision of the LJAB is final and binding upon the parties unless the employer is an out-of-town contractor. An out-of town contractor may request an appeal of a unanimous LJAB ruling.

**G. Non compliance with decision**

1. If a party does not comply with an LJAB decision within 30 calendar days, the other party may enforce the order in court and receive their costs and attorneys' fees.

**H. Miscellaneous**

1. A contractor involved in a dispute may not sit as a member of the LJAB. A union representative presenting the grievance or otherwise involved in the dispute may not sit on the LJAB.

2. The LJAB must set up rules regarding time tables, enforcement of awards, and procedures that will advise the parties on how to proceed.

## II. OTHER ISSUES

**A. Immunity from liability**

1. Individuals serving as members of a LJAB are acting as arbitrators. Consequently, they are generally immune from civil liability for their decisions, so long as they are acting without bias and within the scope of their authority.

2

**EXHIBIT F**

**B.  Parallel legal proceeding**

1.  Occasionally, the parties will claim that there are also unfair labor practice charges, civil litigation, and other matters which should prevent the LJAB from taking jurisdiction over the matter.  Our advice is that you should proceed to hear the matter, unless you are specifically enjoined by a court from doing so.

**C.  Timeliness**

1.  The parties have a right to litigate the issue of timeliness before the Local Joint Adjustment Board.  Consequently, it is our recommendation that the LJAB note the objection as to timeliness, and advise the parties that it will hear evidence on both the timeliness issue, as well as the merits of the case.  The LJAB should address the issue of timeliness in executive session and note that the timeliness issue was raised and addressed in the decision.

**D.  Subpoena power**

1.  Because an LJAB is serving as a board of arbitrators, most state statutes give subpoena power to such a body.  Thus, an LJAB acting jointly has the power to subpoena documents, or individuals, for appearances before the LJAB.

**E.  Attorney representation**

1.  Parties have a legal right to be represented by counsel if they choose.  Unfortunately, lawyers frequently tend to complicate the proceeding.  They should be specifically advised that they will not run the proceeding, that formal rules of evidence and civil procedure do not apply, and that they will not disrupt the hearing.

2.  The basic function of the LJAB is to get to the bottom of the dispute, and lawyers should not interfere with that function.

**F.  Minutes of LJAB proceeding**

1.  It is extremely important that a complete and accurate record of the LJAB proceeding be compiled.  The minutes should reflect a concise summary of the LJAB proceedings; word–for-word transcripts are not encouraged as they are often cumbersome, lengthy and difficult to follow.

3

### G.  The hearing place

The association office, the union hall, association offices, or a neutral place?

1.  Many individuals recommend that the hearing be held in a neutral location.  We recommend that the union hall, association office or training facility be used unless a party objects.

2.  If a party objects, the hearing should be held in an inexpensive neutral location.

3.  If you have a reasonably good bargaining relationship, and are confident of everyone's abilities to function, there is no harm in holding a hearing in a union hall or association setting.

4

**EXHIBIT F**

## OTHER RECOMMENDED LJAB PROCEDURES

1. Labor and Management should confer to select the meeting site, determine Board composition and designate the Chairman and Secretary to take notes and write minutes. This should be done at a time when no grievance is pending.

2. The grieving party should provide a copy of the request for an LJAB hearing to the other party involved in the dispute at the time the request for a hearing is submitted. It is difficult for parties to prepare to respond to a grievance, if they are not aware of the allegations and relevant information.

3. Consider mailing notices of the scheduled hearing and LJAB decisions by both certified and first class mail. This ensures that all parties are aware of the hearing date and have received the subsequent decisions of the Board.

4. Include the LJAB Procedures in your notification to the parties of the hearing date. If all parties know what to expect in terms of procedures, your hearings may run smoother.

5. Include copies of the Panel appeal forms in all notices of deadlocked decisions.

**EXHIBIT F**

Excerpt from the *Procedural Rules of the National Joint Adjustment Board for the Sheet Metal Industry*

## LOCAL JOINT ADJUSTMENT BOARD
### Procedure For
### Establishment And Operation
### Under Article X Of The
### Standard Form Of Union Agreement

————————

1. Upon Signing the Standard Form of Union Agreement, each local union and employers' association or bargaining group must establish a Local Joint Adjustment Board for the handling and processing of disputes under the agreement.

    (a) The Local Joint Adjustment Board shall be composed of equal voting representation from labor and management.

    (b) The Local Joint Adjustment Board shall select its chairman and secretary, one representative each side, and rotate positions each calendar year.

        1. The Chairman shall be charged with the responsibility of conducting the hearing and should confine the evidence presented and submitted to that which is reasonably related to the issue or issues in question.

        2. The Secretary shall be charged with the responsibility of keeping accurate minutes of the hearings. The accuracy of said minutes should be attested to by at least one member from each side.

    (c) The Contractor involved in the dispute may not sit as a member of the Local Joint Adjustment Board when his dispute is before the Board.

        1. In such cases the remaining management members will have the same vote as the labor members on such disputes or alternate members may be selected to serve in such cases.

2. The Local Joint Adjustment Board must set up rules or bylaws by which it shall operate in handling disputes presented to it, provided, however, that

    (a) Notice of the appeal to the Local Joint Adjustment Board must be given within thirty (30) days after failure to reach

6

**EXHIBIT F**

accord between parties directly involved in the dispute in the first instance under Article X, Section I.

(b) The Local Joint Adjustment Board must meet promptly, but no later that fourteen (14) days following the request for its services unless time is extended by mutual agreement of the parties or by the Local Joint Adjustment Board.

(c) The rules or bylaws of the Local Joint Adjustment Board shall empower the Board to render such decisions and grant such relief to either party as it deems necessary or proper, including awards of damages or other compensation.

(d) The rules as to the operation of the Local Joint Adjustment Board should be sufficiently explicit that the parties to the dispute will know how to proceed.

3.  Obligations and rights of the parties to the dispute:

(a) The charging party must initiate the case and the charge or claim must spell out explicitly the violation of the agreement complained of, including therein a clear definition of the dispute, the time, place and job or project on which dispute occurs. The defending party must be given a copy of the charges files against him in time to prepare his defense. (See p. 32)

(b) The charging party must submit evidence, which may include witnesses and/or affidavits in support of such charges.

(c) The charging party is entitled to rebut any evidence which may be submitted by the defending party.

(d) The defending party must be given opportunity to present his own evidence, may introduce witnesses or affidavits, and may cross-examine witnesses.

(e) When oral testimony is given both parties should be present to hear the testimony.

In the event the Local Joint Adjustment Board fails or refuses to act or there is no Local Joint Adjustment Board established in the area, the matter may be processed pursuant to Article X, Section 3. The application for services under these circumstances shall be mailed to the National Joint Adjustment Board and to the other party to the dispute. The application shall clearly identify the manner in which

7

Article X, Section 1 has been carried out including (a) the date or dates on which the Employer and Union have met to attempt to resolve the dispute; (b) the charge or claim which identifies explicitly the violation of the agreement complained of, including a clear definition of the dispute, the time, place and job or project on which the dispute occurred including evidence that the defending party has been given a copy of the charges filed in time to prepare a defense; (c) if a written response to the charge has been received, a copy of that response shall be included with the application.

8

**EXHIBIT F**

# SAMPLE INSTRUCTIONS
# FOR LJAB CHAIRMAN

**EXHIBIT F**

## SAMPLE INSTRUCTIONS
## TO BE GIVEN BY LJAB CHAIRMAN

**The Chairman is charged with the responsibility of conducting the hearing. Below are sample instructions for the hearing proceedings.**

---

**(RECITATION FOR OPENING THE HEARING)**

*"LADIES AND GENTLEMEN, YOU ARE BEFORE THE LOCAL JOINT ADJUSTMENT BOARD FOR THE SHEET METAL INDUSTRY FOR AN ARTICLE X, SECTION 2 GRIVANCE PROCEEDING. I AM _____ AND WILL CHAIR THIS MEETING. _____ WILL SERVE AS THE SECRETARY (OR CO-CHAIRMAN) OF THE MEETING."*

*"THE MEETING WILL PROCEED AS FOLLOWS:*

*EACH SIDE WILL PRESENT ITS CASE UNINTERRUPTED.*

*FOLLOWING YOUR PRESENTATIONS, EACH SIDE WILL BE GIVEN THE OPPORTUNITY FOR REBUTTAL.*

*FINALLY, EACH PARTY WILL BE GIVEN THE OPPORTUNITY TO BRIEFLY SUMMARIZE ITS POSITION.*

*ALL QUESTIONS OF EITHER PARTY DURING THE PROCEEDINGS SHOULD BE DIRECTED THROUGH THE CHAIR.*

*ARE THERE ANY QUESTIONS REGARDING THE PROCEDURES?"*

*"WOULD EACH OF YOU PLEASE IDENTIFY YOURSELF FOR THE RECORD?"*

*(FOLLOWING INTRODUCTIONS)*

*"WOULD THE GRIEVING PARTY PLEASE PRESENT ITS CASE?"*

9

**EXHIBIT F**

**(RECITATION FOR CLOSING THE HEARING)**

*"LADIES AND GENTLEMEN, THANK YOU FOR YOUR PRESENTATIONS. THE BOARD WILL DELIBERATE ON YOUR CASE IN EXECUTIVE SESSION AND WILL NOTIFY YOU IN WRITING OF OUR DECISION."*

10

**EXHIBIT F**

# SAMPLE MINUTES AND DECISION

**EXHIBIT F**

*LJAB Sample Minutes*
*and Decision*

## LOCAL JOINT ADJUSTMENT BOARD
## ARTICLE X, SECTION 2
## HEARING MINUTES

**1.    PLACE AND DATE OF THE HEARING:**

February 20, 1998
Local X Training Center
700 Water Street
Johnstown, PA  15900-0000

**2.    PARTIES TO THE DISPUTE:**

GRIEVING PARTY:                    RESPONDING PARTY:

**SMWIA Local X**                      **Flood City Sheet Metal**
500 Union Street                   100 River Street
Johnstown, PA  15900               Johnstown, PA  15900

**3.    LJAB MEMBERS:**

MANAGMENT                          LABOR

Ed Lee, Chairman                   Gus Bettermann, Secy.
Trudy Dona                         Chuck Lewis
Joe Rizzo                          Jeff Hammer

**4.    ARTICLES AND SECTION OF THE AGREEMENT INVOLVED IN THE DISPUTE:**

Article VI, Section 1 – Overtime Payment Provision

**5.    POSITION OF THE PARTIES AND EVIDENCE IN SUPPORT THEREOF**

The meeting was called to order at 9:00 a.m. by Chairman Lee. Michael Rovida, Business Manager, appeared on behalf of the Local Union.  Eloise Carty, President, appeared on behalf of the Employer.

Chairman Lee explained the sequence of the hearing and asked if there were any questions.  Ms. Carty stated that the company had a timeliness argument and asked if it would be the proper time to raise that issue.  The Chairman stated that the Board would hear the timeliness arguments of the parties, then would proceed to a hearing on the merits.  He instructed that both issues would be determined by the Board in executive session following the conclusion of the hearing.

11

**EXHIBIT F**

*LJAB Sample Minutes
and Decision*

(2)

Ms. Carty explained that it was the Employer's position that the grievance was not timely under Article X, Section 1 of the SFUA, which provides "to be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or if the occurrence was not ascertainable, within thirty (30) calendar days of the first knowledge of the facts giving rise to the grievance.

According to Ms. Carty, the employees received payment for the hours in question on their check on January, 8, 1998. The grievance was not filed until February 8, 1998 which is 31 days following the date upon which the employees had notice of the alleged underpayment.

Mr. Rovida responded that the employees were paid at approximately 4:30 p.m. on Friday, January 8. The local union first received knowledge of the underpayment on Monday, January 11, 1998. Mr. Rovida stated that he contacted Ms. Carty the morning of January 11 regarding the problem. According to Mr. Rovida, Ms Carty denied that the employees had been underpaid and refused to discuss the matter further.

Mr. Rovida stated that according to Article X, Section 2 of the SFUA, "Notice of appeal to the LJAB shall be given within 30 days after termination of the procedures prescribed in Article X, Section 1 of this Article..." He maintained that the termination of step 1 procedures occurred on January 11, and as such his February 8 submission was timely.

**The Chairman thanked the parties for their testimony and reminded them that the issue of timeliness would be decided in executive session. He then directed the parties to present their testimony on the substantive issues of the grievance.**

As the grieving party, Local X presented the first witness. Larry Spisak testified that after working 40 hours the week of December 26, 1997, the employer called him at home early Saturday, January 2 and asked that he report to work for 4 hours that afternoon. He testified that since he had already put in his 40 hours he expected to be paid at time and one half for the 4 hours as per the collective bargaining agreement.

George Roberts likewise testified that he, too, was called early on January 2 and asked to report for 4 hours of work in the afternoon. He stated that there was no discussion regarding payment for the hours and that he assumed since he had already worked 40 hours that the pay would be at time and one half.

Both men testified that when they received their checks, they had been paid only straight time for the hours.

12

**EXHIBIT F**

*LJAB Sample Minutes
and Decision*

(3)

Ms. Carty testified that when she contacted the men on Saturday morning and asked if they would like to work a few extra hours on Saturday to earn additional money. She testified that although she did not flat out discuss the rate at which the employees would be paid, she felt that she had adequately implied that the rate would be at straight time. The employees, she said, were anxious to earn some extra money and she believed they had an "understood agreement" that they would be paid at their regular straight time rate of pay.

The LJAB Secretary asked Mr. Spisak and Mr. Roberts if wages for the work in question were ever discussed. Both responded, "No". He then asked if either had implicitly agreed to perform the work in question for a lesser rate. Again the response from both men was "No".

Board member Dona asked Ms. Carty if it was a common practice for the company to work employees overtime on Saturday and pay them at the straight time rate. Ms. Carty responded that work had been very slow for the past year and that there had been no reason previously to call employees into work on the weekend.

Board member Hammer asked if Ms. Carty could tell the LJAB exactly what the employees had said to indicate their willingness to perform the work outside the terms of the agreement. She responded that she could not point to specific words, but there had been a strong implication that the work would be done at straight time.

In summary, the Local stated that the evidence was clear that the men had been improperly paid and asked that they be awarded the back pay that they were entitled to.

Ms. Carty reiterated that the employees had implied that they would work for straight time and should not be rewarded with back pay for deceiving the company or for agreeing to work outside the terms of the agreement.

The Chairman thanked the parties for their testimony. He informed them that the LJAB would consider the issues raised in executive session and would notify the parties in writing of their decision.

13

**EXHIBIT F**

*LJAB Sample Minutes
and Decision*

## UNANIMOUS DECISION

***VIA CERTIFIED
AND FIRST CLASS MAIL***

Flood City Sheet Metal
100 River Street
Johnstown, PA  15900-0002

SMWIA Local X
500 Union Street
Johnstown, PA  15900-0002

RE: Grievance 98-01: SMWIA Local X v.
Flood City Sheet Metal

Ladies and Gentlemen,

The Local Joint Adjustment Board (LJAB) for the Sheet Metal Industry met February 20, 1998 to consider the above-referenced matter.

The LJAB determined that all procedural requirements had been met, **that the grievance was timely**, and was properly before the Board for consideration.  Based upon the record and testimony of the parties, the LJAB rendered the following unanimous decision:

The Board finds that Flood City Sheet Metal violated Article VI, Section 1 of the collective bargaining agreement by failing to compensate two employees at time and one half rates for the hours in question.  The LJAB directs that the Employer issue two checks payable to the following employees in the amounts indicated below.

| | |
|---|---|
| Larry Spisak | 4 hours x ½ ($20) = $40 |
| George Roberts | 4 hours x ½ ($20) = $40 |

The Employer is directed to forward the checks to Local Union X within 30 days of receipt of this decision for distribution to the employees.

We call you attention to the following language of Article X, Section 2 of the SFUA,
"Except in the case of a deadlock, a decision of a Local Joint Adjustment Board shall be final and binding."

_____          _____
Ed Lee, Chairman                 Gus Bettermann, Secretary

_____
Date

14

## EXHIBIT F

# APPEAL FOR A PANEL
# NJAB HEARING

**EXHIBIT F**

## **APPEAL OF AN LJAB DECISION FOR A PANEL HEARING**

### **Article X, Section 3**

Under Article X, Section of the Standard Form of Union Agreement (SFUA), grievances not disposed of under the LJAB procedure may be appealed to a Panel jointly, or by either party if:

- The LJAB deadlocked, or
- The LJAB failed to meet to hear the grievance.

Additionally, Section 3 provides that an out-of-town contractor may request an appeal of the unanimous decision of an LJAB in an area in which he or she had been working.

Notice of appeal to the Panel shall be given within thirty (30) days after termination of the LJAB procedures.

Also, please note that the party forwarding the appeal to the NJAB must, at the same time, provide the other party to the dispute with a copy of all information sent to the NJAB.

15

**EXHIBIT F**

## <u>APPEAL OF A PANEL DECISION FOR AN NJAB HEARING</u>

### Article X, Section 4

Grievances deadlocked at the Panel level may, under Article X, Section 4, be appealed jointly or by either party to the National Joint Adjustment Board.

Appeals to the NJAB must be submitted within thirty (30) days after termination of the Panel procedures.  The NJAB meets 3 times per year in various locations around the country.  The dates and locations of meetings and cut-off dates for submissions are published in every edition of SMACNA's Labor Relations Report or may be obtained by calling the Labor Relations Department at SMACNA National or the Legal Department at SMWIA.

Also, please note that the party appealing a case to the NJAB must, at the same time, forward a complete copy of the NJAB submission to the other party to the dispute.

16

**<u>EXHIBIT F</u>**

## SAMPLE FORMS
## BLANK FORMS

**EXHIBIT F**

# Sheet Metal Industry Grievance Form

**Article (X) Section 1 Compliance**
(TO BE SUBMITTED WITH EACH FORMAL REQUEST FOR A LOCAL JOINT ADJUSTMENT BOARD HEARING.)

| 1. Date of Filing.<br><br>2/8/98 | 2. Name, Address, Phone, Fax, Local Union and Union Representative Involved.<br>Michael Rovida<br>SMWIA Local X<br>500 Union Street<br>Johnstown, PA 15900-0001<br>(555) 555-5555, fax: (555) 555-5556 | 3. Name, Address, Phone, Fax and Representative of Employer Involved.<br>Eloise Carty<br>Flood City Sheet Metal<br>100 River Street<br>Johnstown, PA 15900-0002<br>(777) 777-7777, fax: (777) 777-7778 |
|---|---|---|
| 4. Date of Alleged Violation.<br><br>1/2/98 | | |

| 5. Project, Site or Shop Involved.<br>Shop work | 6. Address of Involved Project, Site or Shop.<br>Flood City Sheet Metal<br>100 River Street<br>Johnstown, PA 15900-0002 |
|---|---|

**7. Nature of Grievance.**
Two employees who performed overtime work on 1/2/98 were paid straight time for two hours worked, rather than time and a half as per the agreement.

**8. Article(s) and Section(s) of Agreement Alleged Violated.**
Article VI, Section 1 – Overtime Payment

**9. Date the Local Union Representative and Employer Representative were Notified of the Grievance.**
January 11, 1998

**10. Record of Attempts to Resolve Grievance Under Article (X) Section 1.**

| A. Date of Contact. | B. Type of Contact. (Check one of each attempt) | | | | | | C. Results of Contact. (Use other side if necessary.) |
|---|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | | |
| 1/11/98 | ✓ | | | | | 1. Telephone | Business manager called to resolve at |
| | | | | | | 2. Letter | Step 1. Employer denied allegation |
| | | | | | | 3. Fax | and refused to discuss. |
| | | | | | | 4. Other | |

## ARTICLE X
* * * *

SECTION 1. Grievances of the Employer or the Union, arising out of interpretation or enforcement of this Agreement, shall be settled between the Employer directly involved and the duly authorized representative of the Union, if possible. Both parties may participate in conferences through representatives of their choice.

To be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable, within thirty (30) calendar days of the first knowledge of the facts giving rise to the grievance.

*Article X, Section 1 Sample Form*

17

**EXHIBIT F**

## APPLICATION FOR SERVICES A PANEL AND HEARING UNDER ARTICLE X, SECTION 3, OF THE STANDARD FORM OF UNION AGREEMENT

1.  Names and Addresses of Parties to Dispute

    (a)  Jones Sheet Metal

    200 Main Street, Anytown, USA 10000-0001

    Phone: (777) 555-0000        Fax: (777) 555-0001

    **EMPLOYER**

    (b)  SMWIA Local A

    100 Metal Boulevard, Anytown, USA 10001-0002

    Phone: (777) 555-2222        Fax: (777) 555-2222

    **LOCAL UNION**

2.  Nature of Dispute: Give brief statement of pertinent facts, including dates, position of parties involved and relevant provisions of involved Union Agreement or addenda thereto.

    Union: On February 2, 1998, the Employer terminated John Smith, a steward, in violation of Article XIX which provides that the employer shall not discriminate against the steward for reasons of his/her performance of lawful union activities.

    Employer: The steward was not terminated because of his performance of union activities. He was laid off due to lack of work.

    (If above space is not sufficient, attach this information as an Exhibit)

*Article X, Section 3 Sample Form – Page 1*

18

**EXHIBIT F**

3.  Attach all of the following. Complete checklist before mailing to ensure that all information is enclosed. ***Assemble the information in sets so that each of your 6 packets contains one (1) copy of each separate item.***

☑ Six (6) copies of the application.
☑ Six (6) copies of the involved collective bargaining agreement and addenda.
☑ Six (6) copies of minutes of Local Joint Adjustment Board, signed by one representative of Management and one representative of Labor. (If minutes are verbatim, give summary only and hold verbatim minutes for the use of the panel – attach Summary as Exhibit.)
☑ Six (6) copies of the findings and decision of the LJAB.

4.  Date of hearing before the Local Joint Adjustment Board.

<u>           March 20, 1998                        </u>

(a)  All applications with documents shall be filed with the National Joint Adjustment Board.

Date:   <u>    3/25/98        </u>

<u>                           </u>
Employer

<u>                           </u>
Local Union

If this submission is not signed by both parties, by signing below, I certify that I have provided a copy of this submission to the other party to this dispute.

<u>                           </u>
Name

<u>       3/25/98            </u>
Date

YOUR ATTENTION IS DIRECTED TO PARAGRAPH 2 OF THE PROCEDURAL RULES OF THE NATIONAL JOINT ADJUSTMENT BOARD WHICH PROVIDES THAT HEARINGS SHALL BE CONFINED TO THE RECORD MADE BEFORE THE HEARING PANEL. IT IS THUS IMPORTANT THAT *ALL* OF THE INFORMATION CALLED FOR IN THIS APPLICATION BE FILED IF THE RECORD IS TO BE COMPLETE.

***Article X, Section 3 Sample Form – Page 2***

19

## APPLICATION FOR SERVICES OF THE
## NATIONAL JOINT ADJUSTMENT BOARD
## FOR THE SHEET METAL INDUSTRY
## UNDER ARTICLE X, SECTION 4

1.  Names and Addresses of Parties to Dispute

    (a)  Jones Sheet Metal

    200 Main Street, Anytown, USA 10000-0001

    Phone: (777) 555-0000        Fax: (777) 555-0001

    **EMPLOYER**

    (b)  SMWIA Local A

    100 Metal Boulevard, Anytown, USA 10001-0002

    Phone: (777) 555-2222        Fax: (777) 555-2222

    **LOCAL UNION**

2.  Nature of Dispute: Give brief statement of pertinent facts, including dates, position of parties involved and relevant provisions of involved Union Agreement or addenda thereto.

    Union: On February 2, 1998, the Employer terminated John Smith, a steward, in violation of Article XIX which provides that the employer shall not discriminate against the steward for reasons of his/her performance of lawful union activities.

    Employer: The steward was not terminated because of his performance of union activities. He was laid off due to lack of work.

    (If above space is not sufficient, attach this information as an Exhibit)

*Article X, Section 4 Sample Form – Page 1*

20

**EXHIBIT F**

3.  Attach all of the following.  Complete checklist before mailing to ensure that all information is enclosed. ***Assemble the information in sets so that each of your 20 packets contains one (1) copy of each separate item.***

    ☑ Twenty (20) copies of the application, together with twenty (20) copies of the involved collective bargaining agreement and addenda shall be filed.

    ☑ Twenty (20) copies of the minutes of the Local Joint Adjustment Board and all other documents or exhibits presented at the panel hearing. (If minutes are verbatim give summary only and hold verbatim minutes for the use of the National Joint Adjustment Board – attach Summary as Exhibit.)

    ☑ Twenty (20) copies of the findings and decision of the panel hearing.

4.  Date of hearing before the Local Joint Adjustment Board.

        March 20, 1998

5.  Date of Hearing before the Panel.

        April 10, 1998

   (a)  All applications with documents shall be filed with the National Joint Adjustment Board.

     Date: _____4/30/98_____

                                                                 Employer

                                                            Local Union

If this submission is not signed by both parties, by signing below, I certify that I have provided a copy of this submission to the other party to this dispute.

                                                      Name

                                  4/30/98

                                  Date

**YOUR ATTENTION IS DIRECTED TO PARAGRAPH 2 OF THE PROCEDURAL RULES OF THE NATIONAL JOINT ADJUSTMENT BOARD WHICH PROVIDES THAT HEARINGS SHALL BE CONFINED TO THE RECORD MADE BEFORE THE HEARING PANEL. IT IS THUS IMPORTANT THAT *ALL* OF THE INFORMATION CALLED FOR IN THIS APPLICATION BE FILED IF THE RECORD IS TO BE COMPLETE.**

***Article X, Section 4 Sample Form – Page 2***

                                                       21

**EXHIBIT F**

# Sheet Metal Industry Grievance Form

### Article (X) Section 1 Compliance
(TO BE SUBMITTED WITH EACH FORMAL REQUEST FOR A LOCAL JOINT ADJUSTMENT BOARD HEARING.)

| 1. Date of Filing. | 2. Name, Address, Phone, Fax, Local Union and Union Representative Involved. | 3. Name, Address, Phone, Fax and Representative of Employer Involved. |
|---|---|---|
| 4. Date of Alleged Violation. | | |

| 5. Project, Site or Shop Involved. | 6. Address of Involved Project, Site or Shop. |
|---|---|

7. Nature of Grievance.

8. Article(s) and Section(s) of Agreement Alleged Violated.

9. Date the Local Union Representative and Employer Representative were Notified of the Grievance.

10. Record of Attempts to Resolve Grievance Under Article (X) Section 1.

| A. Date of Contact. | B. Type of Contact. (Check one of each attempt) | | | | | C. Results of Contact. (Use other side if necessary.) |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| | | | | | | 1. Telephone |
| | | | | | | 2. Letter |
| | | | | | | 4. Fax |
| | | | | | | 5. Other |

### ARTICLE X
✷ ✷ ✷ ✷

SECTION 1. Grievances of the Employer or the Union, arising out of interpretation or enforcement of this Agreement, shall be settled between the Employer directly involved and the duly authorized representative of the Union, if possible. Both parties may participate in conferences through representatives of their choice.

To be valid, grievances must be raised within thirty (30) calendar days following the occurrence giving rise to the grievance, or, if the occurrence was not ascertainable, within thirty (30) calendar days of the first knowledge of the facts giving rise to the grievance.

*Article X, Section 1 Form*

22

**EXHIBIT F**

## APPLICATION FOR SERVICES A PANEL
## AND HEARING UNDER ARTICLE X,
## SECTION 3, OF THE STANDARD
## FORM OF UNION AGREEMENT

1.  Names and Addresses of Parties to Dispute

    (a)  _____

    _____

    Phone: _____ Fax:_____

    **EMPLOYER**

    (b)  _____

    _____

    Phone:_____ Fax:_____

    **LOCAL UNION**

2.  Nature of Dispute: Give brief statement of pertinent facts, including dates, position of parties involved and relevant provisions of involved Union Agreement or addenda thereto.

(If above space is not sufficient, attach this information as an Exhibit)

*Article X, Section 3 Form – Page 1*

23

**EXHIBIT F**

3.  Attach all of the following.  Complete checklist before mailing to ensure that all information is enclosed. ***Assemble the information in sets so that each of your 6 packets contains one (1) copy of each separate item.***

☐ Six (6) copies of the application.
☐ Six (6) copies of the involved collective bargaining agreement and addenda.
☐ Six (6) copies of minutes of Local Joint Adjustment Board, signed by one representative of Management and one representative of Labor. (If minutes are verbatim, give summary only and hold verbatim minutes for the use of the panel -- attach Summary as Exhibit.)
☐ Six (6) copies of the findings and decision of the LJAB.

4.  Date of hearing before the Local Joint Adjustment Board.

_____

(a) All applications with documents shall be filed with the National Joint Adjustment Board.

Date: _____

_____
                                        Employer

_____
                                     Local Union

If this submission is not signed by both parties, by signing below, I certify that I have provided a copy of this submission to the other party to this dispute.

_____
Name

_____
Date

**YOUR ATTENTION IS DIRECTED TO PARAGRAPH 2 OF THE PROCEDURAL RULES OF THE NATIONAL JOINT ADJUSTMENT BOARD WHICH PROVIDES THAT HEARINGS SHALL BE CONFINED TO THE RECORD MADE BEFORE THE HEARING PANEL. IT IS THUS IMPORTANT THAT *ALL* OF THE INFORMATION CALLED FOR IN THIS APPLICATION BE FILED IF THE RECORD IS TO BE COMPLETE.**

***Article X, Section 3 Form – Page 2***

24

**EXHIBIT F**

## APPLICATION FOR SERVICES OF THE NATIONAL JOINT ADJUSTMENT BOARD FOR THE SHEET METAL INDUSTRY UNDER ARTICLE X, SECTION 4

1.  Names and Addresses of Parties to Dispute

    (a) _____

    _____

    Phone:_____ Fax:_____
    
    **EMPLOYER**

    (b) _____

    _____

    Phone:_____ Fax:_____
    
    **LOCAL UNION**

2.  Nature of Dispute: Give brief statement of the pertinent facts, dates, position of applicant or applicants and quote relevant provisions of the involved Union Agreement or addenda thereto.

(If above space is not sufficient, attach this information as an Exhibit)

*Article X, Section 4 Form – Page 1*

25

**EXHIBIT F**

3.  Attach all of the following.  Complete checklist before mailing to ensure that all information is enclosed. ***Assemble the information in sets so that each of your 20 packets contains one (1) copy of each separate item.***

☐  Twenty (20) copies of the application, together with twenty (20) copies of the involved collective bargaining agreement and addenda shall be filed.

☐  Twenty (20) copies of the minutes of the Local Joint Adjustment Board and all other documents or exhibits presented at the panel hearing. (If minutes are verbatim give summary only and hold verbatim minutes for the use of the National Joint Adjustment Board -- attach Summary as Exhibit.)

☐  Twenty (20) copies of the findings and decision of the panel hearing.

4.  Date of hearing before the Local Joint Adjustment Board.

    _____

5.  Date of Hearing before the Panel.

    _____

    (a)  All applications with documents shall be filed with the National Joint Adjustment Board.

    Date: _____

    _____

    Employer

    _____

    Local Union

If this submission is not signed by both parties, by signing below, I certify that I have provided a copy of this submission to the other party to this dispute.

    _____

    Name

    _____

    Date

YOUR ATTENTION IS DIRECTED TO PARAGRAPH 2 OF THE PROCEDURAL RULES OF THE NATIONAL JOINT ADJUSTMENT BOARD WHICH PROVIDES THAT HEARINGS SHALL BE CONFINED TO THE RECORD MADE BEFORE THE HEARING PANEL.  IT IS THUS IMPORTANT THAT *ALL* OF THE INFORMATION CALLED FOR IN THIS APPLICATION BE FILED IF THE RECORD IS TO BE COMPLETE.

***Article X, Section 4 Form -- Page 2***

26

**EXHIBIT F**

**MRCA Women in Roofing (WinR) Council**
**June 28, 2021   8:00am EST**
**Stoweflake Mountain Resort & Spa – Stowe, VT**
**Stowe South**

**AGENDA**

**CALL TO ORDER:** (Moore)

**ROLL CALL:**

| | | | |
|---|---|---|---|
| Laurie Moore | Chairperson | Shiela Steinkuhler | Member |
| Jenna Kramer | Co-Chair | Pam Keiner | Member |
| Kara Markley | Member | Bob Poutre | EC Liaison |
| Mary McNamara | Member | Caroline Meadors | Staff |
| Megan Blickenderfer | Member | Megan Miller | Staff |
| Tawney Seibert | Member | | |

**BUSINESS:**

1. Review of Anti-Trust Statement (Moore)
2. Approval of the July 21, 2020 meeting minutes (Moore)
3. 2021 Conference and Expo (Moore/Miller)
   a. November 9-11, 2021 confirmed
   b. Will be in Milwaukee and will carry the same themes discussed in January
   c. Conference Activity Planning
      i. Luncheon – will take place Tuesday, November 9th 12:15pm – 1:45pm. Guest Speaker will be Peggy LeBrun, Director of Philanthropy of Girl Scouts of Wisconsin Southeast.
      ii. Session – will take place Tuesday, November 9th 2:00pm – 4:00pm. The session will be as discussed in our last meeting 'Roofing Contractor/Employee Cross-Training'.
         1. Content finalization – see ideas from Jan. & July 2020 meetings (attached)
         2. Panel members – see ideas from Jan. & July 2020 meetings (attached)
      iii. Fundraiser – will be based on supporting the local Girl Scouts program
4. Article for MR Magazine
   a. August issue due July 9th – Author: _____
   b. October issue due September 1st – Author: _____
   c. December issue due November 1st – Author: _____
5. WinR Dues Discussion – update
6. Next Meeting
   a. Held in person during July Board and Committee Meetings at Hilton Milwaukee City Center, Milwaukee, WI – Saturday, July 24th – Sunday, July 25th.
   b. WinR Meeting will be held: Saturday, July 24th in the Schlitz Room 10:30am – 12:00pm
7. Other

**ADJOURNMENT:**

**EXHIBIT F**