**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| **THE GEILER COMPANY,** | * | Civil No. 4:22-mc-00001-TWP-KMB |
| *Plaintiff,* | * | Judge Tanya Walton Pratt |
| v. | * | Magistrate Judge Debra McVicker Lynch |
| **INTERNATIONAL, ASSOCIATION OF** | * | |
| **SHEET METAL, AIR, RAIL, AND** | | **DEFENDANT'S REPLY IN SUPPORT OF ITS** |
| **TRANSPORTATION WORKERS,** | * | **RENEWED MOTION TO CONFIRM** |
| **LOCAL UNION NO. 24,** | | **ARBITRATION AWARD** |
| | * | |
| *Defendant.* | * | |
| | * | |

## I.      Introduction.

This case concerns merely one issue, whether the Sheet Metal Contractors Association of Greater Cincinnati Local Joint Adjustment Board's ("Board") October 6, 2021 Arbitration Award ("Arbitration Award") (Doc. 34-5), as clarified on January 23, 2024 (Doc. 34-8 at PageID# 357-359), draws its essence from the Parties' Collective Bargaining Agreement ("CBA") (Doc. 34-1).  The resounding answer is yes.

Plaintiff, the Geiler Company ("Geiler"), requests this Court to nullify its contractual obligations. None of Geiler's arguments should prevail. Each of Geiler's arguments are aimed at re-arbitrating the issues in the underlying arbitration *de novo* before this Court.  Even if such arguments were proper, they obfuscate the real issue before this Court.  Simply put, the Board's October 6, 2021 Arbitration Award ("Arbitration Award") (Doc. 34-5), as clarified on January 23, 2024 (Doc. 34-8 at PageID# 357-359), draws its essence from the Parties' CBA.

1

Therefore, Geiler's Renewed Motion to Vacate should be denied and Local 24's Renewed Motion to Confirm should be granted.

## II.    The Arbitration Award (and Clarification) must be confirmed.

This Court is bound to confirm the Parties' underlying Arbitration Award unless it finds grounds to vacate, modify, or correct the award. 9 U.S.C. § 9; see *Int'l Union of Operating Eng'rs, Local No. 841 v. Murphy Co.*, 82 F.3d 185, 188 (7th Cir. 1996). As long as the arbitrator arguably: 1) construed the contract, and 2) acted within the scope of the arbitrator's authority this Court may not vacate or refuse to enforce an award. See *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013); *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F.3d 689, 692 (7th Cir. 2004); *Butler Mfg. Co. v. United Steelworkers of Am., AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003).

The Board clearly and unequivocally construed the Parties' CBA and acted within its authority in the instant case. Therefore, the Court should confirm the Arbitration Award/Clarification.

## III.    None of Geiler's arguments to vacate are viable.

Plaintiff seeks to vacate the Arbitration Award/Clarification by arguing for an unwarranted, expansive scope of review. But, in doing so, the Court would need to ignore decades of binding authority. Simply put, there is no merit to Plaintiff's arguments that the Board exceeded its authority under the CBA and that the Arbitration Award/Clarification is in manifest disregard for the law. For the reasons outlined below, Plaintiff's arguments cannot be sustained.

### A.    Timeliness issues are reserved for an Arbitrator.

Geiler claims that Local 24's grievance and appeal to the Board were untimely based upon the plain language of the agreement. (Doc. 34 at PageID# 226-228; Doc. 38 at pp. 4-6.) But, Geiler cannot escape the reality that timeliness questions are procedural and left to the arbitrator. (See *John Wiley & Sons v. Livingston*, 376 U.S. 543, 558 (1964).)[1]

Geiler attempts to sidestep the abundance of case law with easily distinguishable cases.  First, it argues that *Chicago Sch. Reform Bd. of Trustees v. Diversified Pharm. Servs., Inc.*, 40 F. Supp. 2d 987, 990 (N.D. Ill. 1999) held that time constraints on arbitration proceedings are substantive and jurisdictional as opposed to procedural. (Doc. 38 at p. 5.) In that case, where the question was whether the Parties agreed to arbitrate the dispute in question, ***prior*** to the arbitration itself, the question was substantive and jurisdictional. (*Chicago Sch. Reform Bd. of Trustees* at 990-991.) Here, there was no question, Geiler agreed to the arbitration of the dispute. (See Doc. 34-2; Doc. 34-5.)

Geiler concludes that "the Board disregarded and did not interpret, or show its interpretive reasoning, how the grievance was timely under Art. X, § 1 of the CBA." (Doc. 38 at p. 6.) It is clear, however, that the Board did indeed find that "all procedural requirements had been met, that the grievance was timely, and was properly before the Board for consideration." (Doc. 34-8.) And, arguments pertaining to timeliness are included in the record.  (Doc. 34-3 at PageID# 289-294.) There is no requirement, and Geiler cannot provide

---

[1] See also *Johnson v. Western & Southern Life Ins. Co.*, 598 Fed. Appx. 454, 456 (7th Cir. Ind. April 14, 2015) ("The Supreme Court has applied this rule consistently, making clear in more recent decisions that federal courts must presume that the parties intended arbitrators to decide whether a party has complied with time limits and other arbitrational prerequisites.") (Citing *BG Group plc v. Republic of Arg.*, 572 U.S. 25 (2014); *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85-86 (2002).)

any case law suggesting that the Board is required to show its interpretive reasoning.  The reality is that the Board made a timeliness determination that drew its essence from the CBA. *Clear Channel Outdoor, Inc. v. Int'l Unions of Painters & Allied Trades, Local 770*, 558 F.3d 670, 675 (7th Cir. 2009) ("A decision draws its essence from the collective bargaining agreement when it has a plausible foundation in the terms of the agreement.") As such, the Court should not disturb the Board's findings on the timeliness issues.

### B.    The Board did not exceed its authority under the CBA with its issuance of a "fine."

Geiler argues that "the CBA does not authorize the issuance of a fine." (Doc. 34 at PageID# 229-233, Mem. Supp., pp. 11-15.) However,  Article X, Section 5 of the CBA provides:

> A Local Joint Adjustment Board, Panel and the National Joint Adjustment Board are empowered to render such decisions and grant such relief to either party as they deem necessary and proper, including awards of damages or other compensation.

(Doc. 34-1 at PageID# 253, CBA, Art. X, Sec. 5.) The language does not exclude punitive damages or any other necessary and proper relief.

Further, the Board's Arbitration Award draws its essence from the CBA.  The "fine" is evinced by half of the Union's estimated damages, calculated by the hours worked under the rates established by the CBA. (Doc. 34-3 at PageID# 310-315.)

Geiler has not provided any support for its proposition that the Arbitration Award is inappropriate. It merely provides reference to cases outside of the collective bargaining context. See e.g. *Lancaster v. Avon Prod., Inc.,* No. 2:15-CV-148-WTL-WGH, 2015 WL 4532751, at *2 (S.D. Ind. July 27, 2015). But, even in *Lancaster*, the court applied a general rule that punitive damages are inappropriate in breach of contract claims. *Id.* at *4-5. In the context of collective bargaining, however, courts have found that awards of punitive damages are

4

within the remedial purposes of our national labor policy. See e.g. *United Steelworkers of Am., etc., Local 65 v. United States Steel Corp.*, N.D.Ill. No. 84 C 158, 1986 U.S. Dist. LEXIS 28760, at *11 (Feb. 27, 1986).

Plaintiff also takes issue with the required actions to avoid paying the balance of the monetary award. (Doc. 34 at PageID# 230-233, Mem. Supp., pp. 12-15.) But, these nonmonetary remedies are grounded in the language of the CBA, i.e., Geiler is already subject to the subcontracting clause in Article II, Section 1 and to the interest-arbitration clause in Article X, Section 8. (See Doc. 34-1.) And, if Geiler does not act in accordance with the Board's order, it would only be subject to paying the full amount of the Union's estimated damages in this case. (See Doc. 34-3 at PageID# 310-315.) This is simply a remedial remedy, well within the Board's authority to fashion as an appropriate remedy.

### C.    *The Arbitration Award does not require Plaintiff to violate Indiana's right-to-work law and it complies with federal labor law in all aspects.*

Plaintiff's argument that the Arbitration Award requires it to violate Indiana's right-to-work law was not raised at arbitration. The argument should be rejected. See *National Wrecking Co.*, 990 F.2d at 960-961. Notably, Geiler's argument that the union-security clause was unenforceable because of Indiana's right-to-work statute and that *National Wrecking Co.* does not control are not supported in the record outside of a self-serving affidavit. (See Doc. 24-1; Doc. 34-7.)

Geiler's arguments misconstrue the Union's arguments, the Parties' CBA, and the underlying record in order to misdirect this Court into a finding that the Arbitration Award violates Indiana's right-to-work law.  Since January 21, 2021, and continuing at all times relevant, the Union has argued that: "such [a] transfer of bargaining unit work by subcontract or otherwise would be in violation of the CBA." (Doc. 34-4.) The CBA unequivocally states:

> "No Employer shall subcontract or assign any of the work described herein which is to be performed at a job site to any contractor, subcontractor, or other person or party **who fails to agree in writing to comply with the conditions of employment contained herein** including, without limitation, those relating to union security, rates of pay and working conditions, hiring and other matters covered hereby for the duration of the project or Agreement whichever is later."

(Doc. 34-1 at PageID# 244, Art. 2, Sec. 1.) (**emphasis added**.) And, the Board found that Geiler did indeed subcontract the work to a subcontractor who failed to agree to any of the conditions in writing. (Doc. 34-5; Doc. 34-8.)

Assuming *arguendo* that this Court considers Geiler's arguments that the Agreement violates Indiana and Federal law, the arguments cannot prevail. Art. V, § 3's savings clause eliminates the union-security clause from Art. V and Art. II, § 1. (Doc. 34-1 at PageID# 258, CBA, Art. XIV, Sec. 2) Striking the Union Security aspect of the clause leaves the Court with the remainder of the Subcontracting Clause. The Board, Geiler, and this Court are left with a clause that requires subcontractors to agree in writing to comply with the conditions of employment in the CBA. Geiler simply did not do so. Therefore, Geiler's arguments must fail.

Plaintiff's argument that the Arbitration Award takes away its ability to repudiate the CBA at expiration in violation of the NLRA must also fail. (See Doc. 34 at PageID# 238, Mem. Supp., p. 20.) Geiler argues that it will incur a penalty if it is not part of the upcoming CBA. (Doc. 38 at 7-8.) But, such a penalty would only subject Geiler to the remedial penalty already supported in the record. (See Doc. 34-3 at PageID# 310-315.) And, Geiler is already subject to a continuing relationship under Article 10 of the CBA. (Doc. 34-1 at PageID# 254, CBA, Art. X, Sec. 8.) Although Geiler views this as "non-sensical,"[2] Section 8(a) applies to Employer(s), which would include Geiler. (*Id.* at Sec. 9(a).) And, there is no evidence in the record that they

---

[2] See Doc. 38 at 7.

have complied with the provisions in Article XIV of the CBA. Therefore, Geiler's argument must fail.

### D. The Board did not change Article II, Section 1 in its Arbitration Award clarification.

On October 31, 2022, this Court asked the Board to "clarify which provision of Article II, Section 1 Geiler violated." (Doc. 25 at PageID# 200.) The Court asked only whether "union security was at issue." (*Id.*)

The Board simply answered this question. The Board explained that "the issue before [it] explicitly concerned 'subcontracting or assignment of work'. (*Id.* at PageID# 358.) It explained that "union security was not a basis for the decision and award." (*Id.*) And, "[t]he Board [found] that Geiler Company violated the subcontracting clause in Article II, Section 1 of the Collective Bargaining Agreement." (*Id.* at PageID# 357.)

Geiler argues that there is no evidence in the record that it violated any provision other than union security. (Doc. 38 at 15.) But, this argument is misleading. The Union provided ample evidence that Geiler subcontracted to an entity "who failed to agree in writing to comply with the conditions of employment." (Doc. 34-3.) That alone constitutes a violation of the Article.

Geiler similarly suggests that the Board must have changed the CBA through the Arbitration Award based upon a finding that it violated the union security clause. (See Doc. 34 at PageID# 233.) But, a plain reading of the CBA dictates that the clause has no force or effect where it is contrary to law. (See Doc. 34-1 at PageID# 245, CBA, Art. V, Sec. 3.) And, the Board clearly and unequivocally stated that union security was not even the basis of its award. (Doc. 34-8.) Therefore, Geiler's arguments must fail.

IV.    **The Court's ability to vacate an arbitration decision is extremely limited.**

Geiler's attempt to have this Court review the merits of the underlying dispute *de novo* are inappropriate and should not be tolerated. See *Prate Installations, Inc. v. Chi. Reg'l Council of Carpenters*, 607 F.3d 467, 470 (7th Cir. 2010)). This Court is required to "uphold an award so long as 'an arbitrator is even *arguably* construing or applying the contract and acting within the scope of this authority.'" *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013) (quoting *Local 15, Int'l Bhd. of Elec. Workers v. Exelon Corp.*, 495 F.3d 779, 782-83 (7th Cir. 2007) (emphasis in *Johnson*)). "It is only when the arbitrator *must have* based his award on some body of thought, or feeling, or policy, or law that is outside the contract that the award can be said not to 'draw its essence from the collective bargaining agreement.'" *Id.* (citing *Arch of Ill., Div. of Apogee Coal Corp. v. Dist. 12, United Mine Workers of Am.*, 85 F.3d 1289, 1292 (7th Cir. 1996); quoting *Ethyl Corp.*, 768 F.2d at 184-85) (emphasis in *Arch of Ill.*) (ellipses omitted)).

Regardless, the evidence in this case is undeniable that the Board's Arbitration Award drew its essence from the CBA. (See Sections I.-III., *supra*.) Geiler's attempts to misstate the Union's straightforward arguments, the unambiguous Arbitration Award, and the straightforward CBA simply cannot prevail.

The Court's ability to vacate the Board's October 6, 2021 Arbitration Award (Doc. 34-5), as clarified on January 23, 2024 (Doc. 34-8), is extremely limited. Vacating the award is unwarranted under the law. As such, the Court must confirm it.

V.    **The Arbitration Award is Unambiguous and Should be Confirmed.**

The Parties agree that the Arbitration Award is "not too ambiguous" for this Court to decide the Motions before it. (Doc. 38 at p. 2). The Arbitration Award clearly and

unequivocally found "that Geiler Company violated Article II, Section 1 of the collective bargaining agreement." (Doc. 34-5) The Board determined all procedural requirements had been met and clarified that "the union security clause found in Article V, Section 1, and the passing reference to the clause found in Article V, Section 1 are not applicable to the work at issue, and irrelevant…" (Doc. 34-8 at PageID#358.) The Arbitration Award disposed of all issues before the Board and was grounded in the Board's analysis of the Parties' CBA. Contrary to Geiler's contention, the Arbitration Award does not state that Geiler violated an unenforceable clause in the CBA, it does not institute an unlawful fine for the violation of the stricken clause, it does not require Geiler to act in violation of the law, and it does not unlawfully mandate Geiler's participation in the next agreement under economic duress and penalty of fine. (Doc. 38, *generally.*)

If, however, this Court determines that the Arbitration Award needs clarified even further, it may remand the matter to the Board for additional proceedings. See *Randall v. Lodge No. 1076, International Association of Machinists and Aerospace Workers, AFL-CIO*, 648 F.2d 462, 468 (7th Cir. 1981). Plaintiff has not indicated that the Court cannot remand this case nor provided any caselaw for such a proposition.  Therefore, if this Court determines the Arbitration Award needs clarified further, it should remand the matter to the Board for additional proceedings. Or, if the Court determines any remedies to be problematic, it should sever them from the Arbitration Award and confirm the remainder.

## CONCLUSION

For the foregoing reasons, Defendant maintains its request that this Court deny Plaintiff's Renewed Motion to Vacate and, instead, confirm the Arbitration Award.

Respectfully submitted,

MANGANO LAW OFFICES CO., L.P.A.

s/Ryan K. Hymore
Ryan K. Hymore (Ohio Bar No. 0080750)
(*Pro Hac Vice*)
4030 Smith Road, Suite 200
Cincinnati, Ohio 45209
T: (513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Defendant*

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing motion was filed electronically this 7th day of October 2024. Service shall be made via the Court's electronic filing system to all parties registered.

s/Ryan K. Hymore